UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at FRANKFORT

CRIMINAL ACTION NO. 3:06-34-KKC

UNITED STATES OF AMERICA,                                                      PLAINTIFF

v.                                **OPINION AND ORDER**

DOUGLAS C. COMBS, JR.,                                       DEFENDANT

\* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court on the Motion to Reconsider (Rec. No. 45) and Motion to Strike (Rec. No. 47) filed by the Defendant.

In his Motion to Reconsider, the Defendant asks the Court to reconsider its order denying the Defendant's motion to amend his sentence pursuant to Federal Rule of Civil Procedure 60(b). With his Rule 60(b) motion, the Defendant asked the Court to amend his sentence from a six-month prison term to a six-month term of home incarceration.

With his current motion, the Defendant continues to argue that Federal Rule of Civil Procedure 60(b) is an appropriate means to request a modification of his sentence. A defendant cannot seek relief from a criminal sentence under Federal Rule of Civil Procedure 60(b). *United States v. Damon*, 59 Fed. Appx. 619, at \* 2 (unpublished)("[a] defendant simply may not seek relief from a criminal sentence under Fed.R.Civ.P. 59(e) or 60(b)."); *United States v. Napier*, 172 F.3d 874, at \*2 (6th Cir. 1998)(unpublished)("[a] party may not seek relief from a criminal sentence under Fed.R.Civ.P. 60(b), because Rule 60(b) is not applicable to criminal proceedings."). The cases the Defendant cites in support of his use of Civil Rule 60(b) all involve motions to reconsider a court's

ruling on a petition for writ of habeas corpus, which is a civil action.

Nevertheless, the Court has considered the substance of the Defendant's motion to modify his sentence. The Defendant asks that he be sentenced to home incarceration because of his physical condition. The Court has reviewed the medical reports submitted by the Defendant. The reports do not indicate that the Defendant suffers from any extraordinary physical impairment that prohibits incarceration. The Court recognizes that the Defendant is being treated for various medical conditions and has recommended that he be placed at FCI, Lexington for an evaluation as to his medical and mental problems. For all these reasons, the Motion to Reconsider (Rec. No. 45) will be denied.

The Defendant also asks the Court to strike the United States' Response to his Motion to Reconsider on the basis that it was untimely. The government's Response was due on or before January 30, 2008. It was filed on February 5, 2008. Thus, the Court will strike the Response as untimely and has not considered it in formulating this Opinion.

For all these reasons, the Court hereby ORDERS as follows:

1) The Motion to Reconsider (Rec. No. 45) is DENIED;

2) The Motion to Strike (Rec. No. 47) is GRANTED; and

3) the Clerk of the Court is DIRECTED to STRIKE the United States' Response (Rec. No. 46) from the record.

Dated this 11th day of February, 2008.



**Signed By:**
*Karen K. Caldwell*
**United States District Judge**